**E-FILED**

Friday, 11 March 2005 03:13 PM

Clerk, U.S. District Court, ILCD

MAR 1 1 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Amended Complaint**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

04-1053

Andre L. Kilpatrick,

Plaintiff                                                        )

  v.                                                             )

Mclean and Sangamon Counties:                                    )

Sangamon County: Judges Robert Steigmann,                        )

John Turner, John McCullough                                     )

                                                                 )

McLean County: Judge William Decardy,                            )

Assistant States Attorney, Marinna Wright,                       )

Illinois State University Police Officers:                       )

David Webber, Wanda Passini,                                     )

Shad Wagehoft, Shuntua Stonewall,                                )

Keith Gehrand, Ronald Swann;                                     )

Normal Police Officers: Deborah Hospelhorne,                     )

Jeff Longfellow, Ronald Stoll,                                   )

Gregory Passini, Walter Clark;                                   )

Illinois State University: Helen Mamarchev,                      )

Richard Olshak, Daniel Caste, Sandra Little,                     )

Rick Lewis, Pat Barr, Emily McQuillan                            )

## Complaint

Plaintiff, Andre L. Kilpatrick complains against above defendants alleging a violation of
plaintiffs civil rights, a racially motivated conspiracy and denial of due process by the
courts of Central Illinois. The allegations also include but are not limited to police,
prosecutorial and judicial misconduct.

## Defendants

1) Mclean and Sangamon counties are the counties in which defendants reside

2) Illinois Appellate Court

3) Mclean County States Attorneys Office

4) Normal Police Department (NPD)

5) Illinois State University (ISU)

6) Illinois State University Police Department (ISUPD)

## Factual Allegations

7) From 1998 to 2001, Plaintiff was subjected to continual harassment by law
   enforcement agencies of Normal and Illinois State University

8) Civil Rights Violations:

   A) Improper stops: from 1998-2001, plaintiff was stopped approximately 10
      time by NPD and at least once by ISUPD.

   B) False Imprisonment: Former ISU police officer David Webber would not
      allow plaintiff to re-enter apartment on October 7, 2001 after plaintiff was

accused of incident that was staged by David Webber, Wanda Passini and Emily McQuillan

C) False Arrest: On October 7, 2001 former ISU police officer David Webber arrested plaintiff for "resisting arrest"

D) Excessive Force with injury: On October 7, 2001 plaintiff was subjected to being pepper sprayed approximately 10 times and beaten profusely on the legs with batons by NPD officer Ronald Stoll and Former ISU police officer David Webber. Plaintiff also suffered nerve damage in his thighs and wrist after NPD Gregory Passini caused a deep laceration in plaintiffs wrist during handcuffing procedure

E) Illegal Search and seizure: After arrest on October 7, 2001 ISU police officer Wanda Passini searched plaintiff's apartment without a search warrant

F) Plaintiff's civil rights were violated by ISU, in that he was not allowed full and equal access to university services and facilities

G) Plaintiff was wrongfully and improperly evicted from university housing

H) Plaintiff's character was defamed by the Vidette (ISU'S Newspaper)

I) Denial of due process and racist remarks by Trial and Appellate Courts: Prosecutor, Marinna Wright lied during jury trial and later admitted that she lied after plaintiff was wrongfully convicted.

a) Judge William Decardy ruled against his own ruling and refused to grant plaintiff a new trial even after prosecutor admitted that she lied

b) It is obvious from the Appellate Court's ruling that they did not even bother to read plaintiff's brief. Appellate Court ruled on case in only 2 or 3 weeks. Furthermore, Appellate justices rather than reading the actual brief, simply chose to make a racist comment by saying that 'the police had the right to beat plaintiff into submission". This comment was made without knowledge of case but simply made because of their racist mindset; a mindset which believes that police officers have the right to beat a black man even without justification. In addition, Appellate Court chose to "cover" for the lower court in Bloomington; reasoning that upholding a bogus conviction would preclude a lawsuit by plaintiff. Therefore, vested interest took precedence over the administration of justice for plaintiff. Appellate court even refused to overturn a restitution issue, which put them in direct conflict with other appellate court districts including **their own district**.

J)  Trial and Appellate Court's misconduct resulted in a bogus felony conviction

K)  Plaintiff was also "Set-up" on bogus charged by NPD in 1998

## Cause of Action

Through the actions described in 7, 8 (A-F), the above defendants have engaged in a pattern of conspiracy and conduct by law enforcement agencies, university officials, and the courts that have deprived plaintiff of the rights,

and privileges or immunities, secured and protected by privileges or immunities, secured and protected by the constitution (including the 4th and 14th amendments) or the laws of the U. S. in violation of 42 U. S.C. § 14141, 42 U. S. C.§ 37892 and 42 U.S.C. § 2000d

### Jurisdiction and Venue

The Court has jurisdiction of this action and is brought pursuant 42 U. S.C. § 14141, 42 U. S. C. § 37892 and 42 U.S.C. § 2000d. The plaintiff's claim arose in the Central District (Bloomington-Normal) of Illinois

### Prayer for Relief

The Attorney General is authorized under 42 U.S.C. § 14141 to seek declaratory and equitable relief to eliminate practices that deprive plaintiff of rights, privileges, or immunities seconded by the constitution wherefore, plaintiff suggest that the courts grant him the following relief

1) A twenty million dollar judgment for compensatory and punitive damages against all defendants

2) Order the defendants to refrain from engaging in any of the predicate acts forming the basis of the pattern of conduct as described in 7-8 (A-F)

Andre L. Kilpatrick

317 West 124th Street

Chicago, Illinois 60628

773-468-6409