E-FILED
Thursday, 02 June, 2005  10:31:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE L. KILPATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-1053 |
| ) | |
| MCLEAN COUNTY, SANGAMON ) | |
| COUNTY, JUDGE ROBERT ) | |
| STEIGMANN, JUDGE JOHN TURNER, ) | |
| JUDGE JOHN MCCULLOUGH, ) | |
| JUDGE WILLIAM DECARDY, ) | |
| MARINNA WRIGHT, DAVID WEBBER, ) | |
| WANDA PASSINI, SHAD WAGEHOFT, ) | |
| SHUNTUA STONEWALL, KEITH ) | |
| GEHRAND, RONALD SWANN, ) | |
| DEBORAH HOSPELHORNE, JEFF ) | |
| LONGFELLOW, RONALD STOLL, ) | |
| GREGORY PASSINI, WALTER CLARK, ) | |
| HELEN MAMARCHEV, RICHARD ) | |
| OLSHAK, DANIEL CASTE, SANDRA ) | |
| LITTLE, RICK LEWIS, PAT BARR, ) | |
| and EMILY MCQUILLAN, ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.    INTRODUCTION**

On March 11, 2005, Plaintiff filed an Amended Complaint for alleged violation of his Civil Rights.[1] In his Complaint, Plaintiff names among others, former McLean County Assistant State's Attorney, Marinna Wright and the County of McLean as Defendants. Defendants Wright and County of McLean were served on May 2nd, 2005, with a copy of Plaintiff's Complaint. Plaintiff alleges that from 1998 to 2001 he was subjected to continual harassment by the various Defendants. (Plaintiff's Complaint,

---

[1] The civil docket sheet for this matter shows Plaintiff's original Complaint filed in the U.S. District Court, Central District of Illinois Peoria, on February 23, 2004. It appears from the docket sheet Plaintiff may have filed another complaint on October 7, 2003, but in the wrong court. Defendants Wright and McLean County were never served with any Complaint until Plaintiff's Amended Complaint was filed. Plaintiff's original Complaint is not available electronically.

paragraph 7). The specific allegation against former McLean County Assistant State's Attorney Marinna Wright is that she "lied during jury trial and later admitted that she lied after Plaintiff was wrongfully convicted." (Plaintiff's Complaint, paragraph 8(I)). There are no direct allegations made against the County of McLean and it is assumed Plaintiff bases his claim based upon the doctrine Respondeat Superior.

Plaintiff alleges in his Complaint that the Defendants have deprived him of his rights and privileges secured and protected by the constitution including the Fourth and Fourteenth Amendments and violations of 42 USC § 14141, 42 USC § 37892 and 42 USC § 2000d. (Plaintiff's Complaint, "Cause of Action Section."). Plaintiff requests a twenty million dollar judgment for compensatory and punitive damages against all Defendants and an order directing all Defendants to refrain from engaging in the acts forming the basis of his Complaint.

## II.    LAW & ARGUMENT

A.    **Plaintiff's Claims Against Former Assistant State's Attorney Marinna Wright and the County of McLean Are Time Barred.**

Plaintiff's Complaint against former Assistant State's Attorney Marinna Wright and the County of McLean appears to attempt to allege a violation of 42 USC §1983. These claims are time barred. The Federal Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. Yet, in *Wilson v. Garcia 471 U.S. 261; 105 S Ct. 1938 (1985)*, the Supreme Court held that Federal Courts must apply the most appropriate or analogous state statute of limitations for personal injury actions to all 42 U.S.C. § 1983 claims. *Hapaniewski v. City of Chicago Heights 169 Ill. App. 3d 945 (1988)*. In Illinois the statute of limitations for an action brought pursuant to 42 U.S.C. § 1983 is two years.

*Ashafa v. City of Chicago 146 F.3d 459 (7th Cir. Ill. 1998); McGee v. Snyder 326 Ill. App. 3d 343 (2001); Weiss v. Village of Downers Grove 225 Ill. App. 3d 46 (1992).*

In *Ashafa v. City of Chicago*, Plaintiff was arrested and allegedly beaten after being taken into custody. The incident took place on August 11, 1994. Plaintiff filed a complaint under 42 U.S.C. §1983 on March 20, 1997. The district court dismissed the complaint as being time barred by Illinois' two year personal injury statute of limitations. The Seventh Circuit upheld the dismissal stating:

> Section 1983 does not contain an express statute of limitations. In order to determine the proper statute of limitations for § 1983 actions a federal court must adopt a forum state's statute of limitations for personal injury claims. (Cit Om). This Circuit has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS 5/13-202 ("Sec 202") See, e.g. *Lucien v. Jockish*, 133 F. 3d 464, 466 (7th Cir. 1998); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *Palmer v. Board of Education*, 46 F. 3d 682, 684 (7th Cir. 1995); *Farrell v. McDonough*, 966 F. 2d 279, 282 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F. 2d 276, 277 (7th Cir. 1989).

The Court went on to state, "[T]herefore, ...the correct statute of limitations for § 1983 actions filed in Illinois is two years as set forth in § 202. Since *Ashafa's* action was filed more than two and a half years after the alleged violation, it is time barred unless *Ashafa* can demonstrate some way to avoid the expiration of the statutory period." *Ashafa v. City of Chicago 146 F.3d 459 (7th Cir. Ill. 1998).*

In *Perry v. Sullivan 207 F.3d 379 (7th Cir. Ill. 2000)*, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 for false arrest. The complaint was filed more than two years after the arrest. The district court dismissed the complaint pursuant to Rule 12(b) as not being timely filed. The Seventh Circuit upheld the dismissal and stated that motions under Rule 12(b) serve to clarify a Plaintiff's complaint by forcing the Plaintiff, under penalty of dismissal, to state in plain and concise terms a claim under which relief

3

could be granted. The court held that the case was not timely filed and dismissed Plaintiff's complaint.

In *McGee v. Snyder 326 Ill. App. 3d 343 (2001)*, the Second District Appellate Court, in addressing the statute of limitations question for 42 U.S.C. § 1983 claims stated:

> Defendants assert that the statute of limitations bars plaintiffs' claims. Defendant concedes that the issue was not raised in the trial court; however, they urge us to consider it here for the sake of judicial efficiency. As the issue presented is relatively clear, we accept the defendant's invitation. Defendant points out that the statute of limitations for an action brought pursuant to 42 U.S.C. § 1983 (42 U.S.C. § 1983 (1994)) in Illinois is two years. *Weiss v. Village of Downers Grove*, 225 Ill. App. 3d 466, 470 (1992). The statue of limitations for a § 1983 claim is derived from the statute that would control a personal injury action in the state where the alleged constitutional depravation occurred. *Wilson v. Garcia,* 471 U.S. 261, 280, 85 L. Ed 2d 254, 269, 105 S. Ct. 1938, 1949 (1985). *McGee* 326 Ill. App. 3d 352.

In the present case, Plaintiff asserts that the alleged Civil Rights violations occurred from 1998-2001. (Plaintiff's Complaint, paragraph 7). Even when accepting these allegations as true, Plaintiff's Complaint is still not timely filed. The last act alleged in Plaintiff's Complaint occurred on October 7, 2001. The October 7, 2001, allegations are not directed against Defendant, Marinna Wright or the County of McLean. Plaintiff's original Complaint was filed in the U.S. District Court for the Central District of Illinois (Peoria) on February 23, 2003. There are no allegations in Plaintiff's Complaint evidencing that it was timely filed against Defendants Wright and County of McLean. Therefore, it should be dismissed.

**B.    Plaintiff's Claim Against Former Assistant State's Attorney Marinna Wright Is Barred By Prosecutorial Immunity.**

Prosecutors are absolutely immune from suits for monetary damages under §1983 for conduct that is "intimately associated" with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984 (1976); *Smith v. Power* 346 F.3d

4

740, 742 (2003). A prosecutor is shielded by absolute immunity when he acts "as an advocate for the state." *Buckley v. Fitzsimmons* 509 U.S. 259, 273; *Smith* 346 F.3d at 742. These standards also apply to a prosecutor's acts in initiating civil proceedings as long as the prosecutor is "functioning in an enforcement role analogous to" his role in criminal proceedings. *Smith* 346 F.3d at 742. Absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *Smith* 346 F.3d at 742.

In the present case, Plaintiff alleges that Defendant Marinna Wright was in the course of prosecuting him in a jury trial when she allegedly violated his Civil Rights. Plaintiff alleges Defendant Wright lied during trial, but provides absolutely no basis for this assertion. Plaintiff fails to state what this lie was. While pro se litigants are granted leeway in their pleadings, this bold and broad allegation fails to put Defendant Wright on notice as to the basis of the claim being made against her. Unless Plaintiff is able to provide some type of basis for this assertion, his Complaint should be dismissed. There is no doubt that Defendant Wright was in the course of advocating for the State when she allegedly violated Plaintiff's Civil Rights. She is entitled to absolute immunity in advocating for the state. Plaintiff should be required to plead some specific basis to overcome this absolute immunity. Absent any allegations to overcome this immunity, Plaintiff's Complaint should be dismissed.

**C.   Plaintiff's Claim Against the County of McLean is Based Entirely Upon a Theory of Respondeat Superior and There is No Respondeat Superior Liability Under §1983.**

There are no direct allegations against the County of McLean in Plaintiff's Complaint. However, the County of McLean is named as a Defendant. It is assumed

Plaintiff is attempting to assert a cause of action against the County of McLean based upon the theory of Respondeat Superior.

An entity cannot be held liable in an action brought under § 1983 on a theory of Respondeat Superior. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In *Monell,* the Supreme Court held that a municipality cannot be held liable solely because it employs a tortfeasor. The only way in which liability is imposed on a government is when, under color of an official policy, the government causes an employee to violate the constitutional rights of another. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Court stated:

> The italicized language (§ 1983 statute) plainly imposes liability on a government that, under color of some official policy, "causes"an employee to violate another's constitutional rights. At the same time, that language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor. Indeed, the fact that Congress did specifically provide that A's tort became B's liability if B "caused" A to subject another to a tort suggest that Congress did not intent 1983 liability to attach where such causation was absent. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

In the present case, Plaintiff fails to allege an independent cause of action against the County of McLean. There is no cause of action under the doctrine of Respondeat Superior for §1983 liability. Therefore, Plaintiff's Complaint against McLean County should be dismissed.

**D.     The Statutory Sections Which Plaintiff Alleges Were Violated By Defendants Do Not Apply To Former Assistant State's Attorney Marinna Wright And The County Of McLean.**

In his Complaint Plaintiff alleges violations of 42 U.S.C. §14141; 42 U.S.C. §37892 and 42 U.S.C. §2000d. These sections provide in pertinent part:

**42 U.S.C. §14141 ---**
  **Title 42. The Public Health and Welfare**
    **Chapter 136.  Violent Crimes Control and Law Enforcement**
      **Subchapter IX State and Local Law Enforcement**
        **Part B. Police Pattern or Practice**
          **§1441 Cause of Action**

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

**42 U.S.C. §37892 does not exist.**

42 U.S.C. §2000d provides:

**Title 42.  The Public Health and Welfare**
  **Chapter 21.  Civil Rights (Refs & Annos)**
    **Subchapter V. Federally Assisted Programs (Refs & Annos)**

§ 2000d.  Prohibition against exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on ground of race, color, or national origin.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The aforementioned sections are not applicable to Defendants, former Assistant State's Attorney Marinna Wright and the County of McLean.  Those are the only statutory sections Plaintiff alleges in his Complaint.

### III. CONCLUSION

For the foregoing reasons the Defendants, former McLean County Assistant State's Attorney Marinna Wright and the County of McLean respectfully request this Court to grant judgment in their favor and against Plaintiff and that Defendants be awarded costs and any other relief this Court deems just and equitable.

                                          McLean County and Marinna Wright, by their attorneys, COSTIGAN & WOLLRAB, P.C.

                                          BY: /s/ Casey Costigan
                                                  Casey Costigan

Casey Costigan
Costigan & Wollrab, P.C.
308 E. Washington Street
P.O. Box 3127
Bloomington, IL 61702-3127
(309)828-4310 - phone
(309)828-4325 - fax

jir-H:\Casey\Litigation\County of McLean\Kilpatrick v. McLean County&Wright\Memo in Support of MTD.doc

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record and/or parties to the above entitled cause by enclosing the same in an envelope plainly addressed to such party at the address shown above, with postage fully prepaid and by depositing said envelope in a U.S. Post Office Box in Bloomington, Illinois on the 2nd day of June, 2005.

                                          /s/ Casey Costigan
                                             Casey Costigan

### ATTORNEYS OF RECORD

Andre L. Kilpatrick, Pro Se
317 W. 124th Street
Chicago, IL 60628

Darcy L. Proctor
dproctor@ancelglink.com

8