IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Andre Kilpatrick | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 1053 |
| | ) | |
| McLean County, Sangamon County, Judge | ) | |
| Robert Steigmann, Judge John Turner, Judge | ) | |
| John McCullough, Judge William Decardy, | ) | |
| Marianna Wright, David Webber, Wanda Passini, | ) | |
| Shad Wagehoft, Shuntua Stonewall, Keith | ) | |
| Gehrand, Ronald Swann, Deborah Hospelhorne, | ) | |
| Jeff Longfellow, Ronald Stoll, Gregory Passini, | ) | |
| Walter Clark, Kelen Mamarchev, Richard Olshak, | ) | |
| Daniel Caste, Sandra Little, Rick Lewis, Pat Barr, | ) | |
| and Emily McQuillan. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CLARK, HOSPELHORNE, LONGFELLOW, STOLL AND GREGORY PASSINI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Walter Clark, Deborah Hospelhorne, Jeff Longfellow, Ronald Stoll, and Gregory Passini (the "Normal Defendants"), by their attorney, Darcy L. Proctor, pursuant to Rule 12(b)(6), respectfully move this court for dismissal of the Amended Complaint of Plaintiff, Andre Kilpatrick, and in support thereof state as follows:

**I.  OVERVIEW**

Plaintiff seeks relief in his Amended Complaint against the Normal Defendants for injuries which purportedly occurred between 1998 and 2001.[1]  Plaintiff's Amended Complaint

---

[1] Although Plaintiff makes generalized allegations regarding an alleged "conspiracy" involving the Normal Police Department, Plaintiff has not named the Normal Police Department.

1

fails to state a claim against these Defendants, however, because his claims are improperly brought, time-barred, or otherwise fail to present valid claims for relief.

## II. RULE 12(B)(6) STANDARDS

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Triad Assocs. Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences therefrom in favor of the plaintiff. Ameritech Corp. v. McCann, 297 F.3d 582, 585 (7th Cir. 2002). A complaint should be dismissed only if there is no set of facts in support of the claim that would entitle the plaintiff to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997). However, the court need not strain to find inferences favorable to a plaintiff which are not apparent on the face of the complaint. Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir., 1977).

## III. PLEADINGS

A.     Procedural Background

Plaintiff apparently filed his original complaint in the Northern District of Illinois on October 7, 2003, which was transferred to this Court in February 2004. Plaintiff filed an Amended Complaint on March 11, 2005. Plaintiff did not seek to serve process on any of the Normal Defendants until April 28, 2005, over eighteen months after he filed his original complaint.

---

as a Defendant. Even if named, the Normal Police Department is not a legal entity against whom Plaintiff could seek relief.

2

B.  Allegations of Plaintiff's Amended Complaint

Plaintiff apparently seeks relief against the Normal Defendants under 42 U.S.C. §1983, although Plaintiff never explicitly references this statute, instead simply characterizing his complaint as a violation of his civil rights.  With regard to the Normal Defendants, Plaintiff alleges that "[f]rom 1998 to 2001, [he] was subjected to continual harassment by law enforcement agencies of Normal and Illinois State University." (Amended Complaint, ¶7). Plaintiff alleges that he was subject to approximately ten (10) "improper stops" by "NPD" between 1998-2001.[2]  (Amended Complaint, ¶8A).  Plaintiff alleges that, on October 7, 2001, he "was subjected to being pepper sprayed approximately 10 times and beaten profusely on the legs with batons by NPD officer Ronald Stoll", (Amended Complaint, ¶8D), and that he "suffered nerve damage in his thighs and wrist after NPD Gregory Passini caused a deep laceration in plaintiffs' wrist during "handcuffing procedure." (Amended Complaint, ¶8D).  Finally, Plaintiff alleges that he was 'set-up' on bogus charges by NPD in 1998.  (Amended Complaint, ¶8K).

Plaintiff further alleges that the "above defendants," (whom Plaintiff does not explicitly identify), "have engaged in a pattern of conspiracy and conduct by law enforcement agencies, university officials, and the courts that have deprived plaintiff of the rights and privileges or immunities, secured and protected by privileges or immunities, secured and protected by the constitution (including the 4th and 14th amendments) or the laws of the U.S. in violation of 42 U.S.C. §14141, §37892, and §2000d." (Amended Complaint, "Cause of Action", pp. 4-5).

---

[2]Although Plaintiff does not define the term "NPD" in his complaint, Defendants interpret this abbreviation to mean "Normal Police Department."

### IV. PLAINTIFF MADE NO ATTEMPT TO TIMELY SERVE HIS COMPLAINT ON THE NORMAL DEFENDANTS, AND THIS CAUSE MUST BE DISMISSED

Plaintiff, despite filing his initial complaint in October, 2003, made no attempt to serve the Normal Defendants until the end of April 2005, more than eighteen months after instituting this action. Plaintiff thus violated Rule 4(m) of the Federal Rules of Civil Procedure, which states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff inarguably failed to serve the Normal Defendants within 120 days of the filing of his complaint in October 2003. Indeed, the court's docket indicates that, although alias summonses were issued to Plaintiff for service on all defendants on April 26, 2004, Plaintiff still made no effort to serve the Normal Defendants for over a year, until April 28, 2005.

Plaintiff bears the burden of demonstrating "good cause" pursuant to Rule 4(m), Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988), and, to do so, must demonstrate that he has made reasonable and diligent efforts to effect service within 120 days. Sullivan v. Mitchell, 151 F.R.D. 331, 332-33 (N.D.Ill. 1993).

There is no reason for this court to believe that Plaintiff had good cause not to seek to serve his complaint upon the Normal Defendants. Plaintiff did not seek to serve his original complaint on the Normal Defendants within 120 days, nor did Plaintiff bring himself to attempt to serve the Normal Defendants, even after receiving alias summonses from the Court to do so,

for over a year. Moreover, Plaintiff's pro se status does not insulate Plaintiff from his abject failure to follow Rule 4(m), as pro se litigants are not excused from failing to conform to the clearly-spelled-out procedural requirements of the Federal Rules. McMasters v. U.S., 260 F.3d 814, 818 (7th Cir. 2001); Clark v. Runyon, 27 F.Supp.2d 1040, 1042 (N.D. Ill. 1998). Plaintiff completely failed to fulfill his responsibility to timely serve his complaint on the Normal Defendants, taking over eighteen months to accomplish what he was responsible to complete within 120 days. This court can and should exercise its discretion to dismiss Plaintiff's complaint based on his refusal to conform to the easily-apprehended Rules of Civil Procedure.

**V. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR RELIEF**

A.    Plaintiff fails to state any valid claims against Clark, Hospelhorne, or Longfellow

Although Plaintiff includes Defendants Clark, Hospelhorne and Longfellow in the caption of his complaint, he alleges no facts whatsoever regarding any of these Defendants in his Amended Complaint. Plaintiff thus fails to meet even the liberal provisions of notice pleading by failing to provide Defendants Clark, Hospelhorne and Longfellow with fair notice of the operational facts of his complaint. Therefore, Plaintiff's purported claims against Defendants Clark, Hospelhorne and Longfellow must be dismissed.

Under the federal standard of notice pleading, all the rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. Proc. 8, Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1998), citing Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993).

However, this relaxed standard does not excuse a plaintiff from providing sufficient factual information from which a defendant can understand the nature of the plaintiff's claims. For fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim. Kyle, 144 F.3d at 455. There must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint. Id.

While federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to outline or adumbrate the basis of the claim. Kyle, 144 F.3d at 456. *See* Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420. 1430 (7th Cir. 1993) ("It is true that the original theory of the Federal Rules of Civil Procedure was that the plaintiff ought to be permitted to fumble around searching for a meritorious claim within the elastic boundaries of a bare-bones complaint until the final pretrial conference. No judge or lawyer in this age of crowded dockets takes that completely seriously"); Perkins v. Silverstein, 939 F.2d 463, 467 (7th Cir. 1991) ("While plaintiffs make clear in their original complaint what their claims are, they fail to identify the grounds upon which their claims are based. This they must do, even under the liberal notice pleading of Rule 8(a)"); McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995) ("Although Fed. R. Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury").

Here, Plaintiff's Amended Complaint is completely devoid of any factual information regarding any actions taken by Defendants Clark, Hospelhorne and Longfellow. These Defendants are simply included in the caption without any accompanying factual allegations. As such, neither those Defendants nor this Court can have any understanding whatsoever of the

6

nature of the claims Plaintiff is asserting against these Defendants. As such, Plaintiff's Amended Complaint is fatally flawed and Defendants Clark, Hospelhorne and Longfellow must be dismissed from this cause.

### B.  Defendant fails to state a claim for Conspiracy

Similarly, Plaintiff fails to allege any facts whatsoever regarding any of the Normal Defendants regarding his bare allegation that "law enforcement agencies", presumably including the Normal Defendants, engaged in a pattern of conduct to deprive Plaintiff of his rights. To the extent that these allegations can even be construed to include the Normal Defendants, which Plaintiff does not explicitly allege in his Amended Complaint,  Plaintiff alleges no facts regarding any of the Normal Defendants to establish any such conspiracy, instead presenting a blanket conclusion without any factual support.  Plaintiff again fails to meet federal notice pleading requirements regarding his assertion of a "conspiracy" claim by pleading conclusions without even a minimal presentation of any supporting or associated facts.   As a result, any conspiracy claim against the Normal Defendants as purportedly alleged in the Amended Complaint should be dismissed by this court.

### VI.  PLAINTIFF'S CLAIMS FOR RELIEF ARE TIME-BARRED

Plaintiff allegations for injuries dating from 1998 through 2001 are time-barred under the applicable statute of limitations and must be dismissed.

42 U.S.C. §1983 does not contain a limitations provision.  However, the Supreme Court has held that federal courts must apply the equivalent state limitations statute to §1983 claims. Albright v. Oliver, 510 U.S. 266, 280, note 6, 114 S.Ct. 807, 816 (1994), citing Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985).  In Illinois, the two-year limitations period of 735 ILCS

5/13-202 applies to §1983 claims. *See* <u>Smith v. City of Chicago Heights</u>, 951 F.2d 834 (7th Cir. 1992); <u>Mohr v. Chicago School Reform Bd. of Trustees of Bd. of Educ. of City of Chicago</u>, 993 F.Supp. 1155 (N.D. Ill. 1998). Therefore, Plaintiff is barred from asserting his claims against any of the Normal Defendants for his allegations of improper stops and "bogus charges", which are alleged to have occurred with no greater specificity than "between 1998 and 2001."

    A.    <u>"Improper Stops" Between 1998 and 2001</u>

Plaintiff's allegations based on the purported ten "improper stops" between 1998-2001 are time-barred as they do not allege any conduct occurring within two years of the filing of Plaintiff's complaint. Plaintiff's claims based on these purported "improper stops" thus must be dismissed with regard to the Normal Defendants.

    B.    <u>"Bogus Charges" from 1998</u>

Plaintiff's allegation that he was "set-up on bogus charges by NPD in 1998" fails to state a claim against any of the Normal Defendants, as they fall outside of the applicable two-year statute of limitations. Plaintiff's claims based on these purported "bogus charges" thus must be dismissed with regard to the Normal Defendants.

### VII.  PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT PASSINI FAIL TO STATE A CAUSE OF ACTION

Plaintiff cannot state a claim for relief against Defendant Passini, as Plaintiff's allegation of injury caused by the application of handcuffs does not, as set forth in Plaintiff's Amended Complaint, state a colorable claim for excessive force.

Without an indication that an arrest was effectuated in an unusual or improper manner, an excessive force claim that handcuffs were applied too tightly has no possible merit. *See* <u>Braun v.</u>

Baldwin, 346 F.3d 761, 763 (7th Cir. 2003). Where a plaintiff has been held to state a cause action for excessive force based on alleged injuries arising from the application of handcuffs, courts cite assertions of fact beyond the allegations of the use of handcuffs, including the presence in the complaint of factual allegations including that the arrest was effectuated for no reason, that the plaintiff did not resist arrest, and that the plaintiff was completely submissive during arrest.  *See* Brown v. Village of Evergreen Park, 2002 WL 31844991 at *4 (N.D. Ill. 2002).

Here, Plaintiff offers no factual information whatsoever regarding the nature of his contact with Defendant Passini; as discussed above, Plaintiff fails to satisfy the federal notice pleading standard by providing even a modicum of factual information from which Defendant or this Court can ascertain the nature and context of this claim.  Plaintiff provides no facts indicating that Defendant Passini applied handcuffs in the process of effectuating an arrest in an unusual or improper manner, nor any facts whatsoever regarding such an arrest.  Plaintiff simply states the mere fact that he was handcuffed, and alleges injury as a result.  As such, Plaintiff cannot, on the basis of his complaint, state a colorable claim for excessive force regarding Defendant Passini's "handcuffing procedure," and Plaintiff's purported claim against Defendant Passini must be dismissed.

## VIII. DEFENDANT PASSINI IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials performing discretionary functions from liability for civil rights damages as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Anderson v.

Creighton, 483 U.S. 635 (1987). Courts use a two-step analysis to determine whether qualified immunity exists. First, the court must decide whether the plaintiff has alleged a constitutional violation. Assuming the court finds a constitutional violation, it next determines whether the defendants' conduct constitutes a violation of clearly-established laws. For qualified immunity to fail, preexisting law must dictate and truly compel the same conclusion for every like-situated, reasonable government agent that what he is doing violates federal law in the circumstances. Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994). This objective analysis asks whether a reasonable person could have believed the defendants' actions were unlawful.

Police officers are entitled to qualified immunity where their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Mitchel v. Forsyth, 472 U.S. 511 (1985). Since qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law," a law enforcement officer will be immune to claims based on an arrest without probable cause unless "it is obvious that no reasonably competent officer" would have believed that there was probable cause to arrest. Malley v. Briggs, 475 U.S. 335, 341 (1986). Thus, qualified immunity applies not only to those officials who correctly determine that probable cause to arrest exists, but also to those who reasonably but mistakenly conclude that it does. Hunter v. Bryant, 502 U.S. 224, 227 (1991).

In this context, the law tolerates reasonable error because "officials should not err always on the side of caution because they fear being sued." Id. at 229 (internal quotation marks and citation omitted). Probable cause is itself a common sense determination, measured under a reasonableness standard. Tangwall v. Stuckey, 135 F.3d 510, 519 (7th Cir. 1998), and is present

if at the time of arrest "the facts and circumstances within [the arresting officer's] knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." <u>Qian v. Kautz</u>, 168 F.3d 949, 953 (7th Cir. 1999). The existence of probable cause turns on the information known to the officers when the arrest is made, not on subsequently received information. <u>Hebron v. Touhy</u>, 18 F.3d 421, 423 (7th Cir. 1994).

Defendant Passini is entitled to qualified immunity, because, as discussed above, Plaintiff provides no basis to demonstrate that Plaintiff was placed in handcuffs pursuant to an arrest conducted in an unusual or improper manner. Indeed, Plaintiff's complaint is completely silent as to any of the factual circumstances under which Defendant Passini allegedly handcuffed the Plaintiff. As such, there is no indication that the alleged conduct, in and of itself, violated any well-established law. As a result, dismissal of Plaintiff's claims against Defendant Passini is warranted.

WHEREFORE, Defendants Walter Clark, Deborah Hospelhorne, Jeff Longfellow, Ronald Stoll, and Gregory Passini respectfully request that this honorable court enter an order dismissing Plaintiff's Amended Complaint with prejudice, along with such other and further relief in Defendants' favor and against Plaintiff as this honorable court deems just.

                Respectfully submitted,


                By: /s/ Darcy L. Proctor
                   Counsel for Defendants

Darcy L. Proctor, Esq.
140 South Dearborn Street
Suite 600
Chicago, IL 60603
(312) 782-7606
(312) 782-0943 (fax)

## CERTIFICATE OF SERVICE

       I hereby certify that on June 17, 2005, I electronically filed the foregoing Defendants Clark, Hospelhorne, Longfellow, Stoll, and Gregory Passini's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Casey Costigan, Esq.
Costigan & Wollrab, P.C.
308 East Washington Street
P.O. Box 3127
Bloomington, IL 61702-3127
ccostigan@cwlawoffice.com


and I hereby certify that on June 17, 2005, I mailed by United States Postal Service, the above-described document to the following non-registered participant:

Mr. Andre L. Kilpatrick
317 West 124th Street
Chicago, IL 60628


                                    Respectfully submitted,


                                    /s/ Darcy L. Proctor
                                    Darcy L. Proctor, #6199731
                                    Attorney for Defendants, Walter Clark, Deborah Hospelhorne, Jeff Longfellow, Ronald Stoll and Gregory Passini
                                    Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C.
                                    140 South Dearborn, 6th Floor
                                    Chicago, Illinois 60603
                                    Telephone: (312) 782-7606
                                    Facsimile:  (312) 782-0943
                                    dproctor@ancelglink.com