IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRE L. KILPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 04-1053 |
| | ) | |
| McLEAN and SANGAMON COUNTIES, WILLIAM DECARDY, MARIANNA WRIGHT DAVID WEBBER, WANDA PASSINI, SHAD WAGEHOFT, SHANTUNA STONEWALL, KEITH GEHRAND, RONALD SWANN, DEBORAH HOSPELHORNE, JEFF LONGFELLOW, RONALD STOLL, GROGORY PASSINI, WALTER CLARK, HELEN MAMARCHEV, RICHARD OLSHAK, DANIEL CASTE, SANDRA LITTLE, RICK LEWIS, PAT BARR, ILLINOIS STATE UNIVERSITY, JOHN McCOLLOUGH, EMILY McQUILLAN, ROBERT STEIGMANN, and JOHN TURNER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

NOW COME the defendants, Pat Barr, Judge William DeCardy, Daniel Kast, Rick Lewis, Sandra Little, Helen Mamarchev, Richard Olshak, and David Webber, by and through their counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby submit this memorandum of law in support of their motion to dismiss. In support thereof, the following statements are made.

**INTRODUCTION**

Plaintiff filed a complaint against various defendants in the United States District Court for the Northern District of Illinois. Venue was transferred to the United States District Court for the Central District of Illinois, and plaintiff filed an amended complaint.

Plaintiff failed to serve the defendants or even request that summonses be issued within 120 days of filing the complaint. Defendants respectfully request that this case be dismissed for lack of sufficient service of process.

## FACTS

Plaintiff filed the instant case in the United States District Court for the Northern District of Illinois on October 7, 2003. *See Kilpatrick v. McLean County*, USDC N.D. Ill. Docket Report, Document #1. On January 30, 2004, plaintiff filed a notice of a motion to extend the time of delivery of the summonses in the case. *See Kilpatrick v. McLean County*, USDC N.D. Ill. Docket Report, Document #5. No service on any of the defendants was attempted by the plaintiff in the 115 days between October 7, 2003, and January 30, 2004. *See Kilpatrick v. McLean County*, USDC N.D. Ill. Docket Report.

The case was dismissed for lack of jurisdiction on February 3, 2004, but the Court reconsidered the dismissal and transferred venue to the United States District Court for the Central District of Illinois on February 23, 2004. *See Kilpatrick v. McLean County*, USDC N.D. Ill. Docket Report, Document ##6, 7, 8, 9; *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report, Document ##1, 9. Plaintiff filed a Notice of Appeal on April 14, 2004. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report, Document #19. In the 51 days between February 23, 2004, and April 14, 2004, plaintiff did not attempt service on any of the defendants. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report. The case was on appeal from April 14, 2004, to November 23, 2004. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report, Document ##19, 20, 21, 25, 26, 27, 28, 29.

On February 15, 2005, plaintiff was advised that he needed to obtain service on the defendants. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report, Text Only

Order of February 15, 2005. Plaintiff did not have summonses issued to any of the defendants until April 29, 2005. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report, Document #33. In the 157 days between November 23, 2004, and April 29, 2005, plaintiff did nothing to request that summonses be issued to any of the defendants. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report.

On April 29, 2005, alias summonses were executed on defendants, Pat Barr, Daniel Kast, Rick Lewis, Sandra Little, Helen Mamarchev, and Richard Olshak. However, the return summonses showing service have not been received or docketed by the Court. *See Kilpatrick v. McLean County*, USDC C.D. Ill. Docket Report.

## ISSUE AND ARGUMENT

### PLAINTIFF FAILED TO TIMELY SERVE THE DEFENDANTS

Rule 4(m) of the Federal Rules of Civil Procedure provides that services of summons and complaint is to be made upon a defendant within 120 days after the filing of the complaint. *See* Federal Rule of Civil Procedure 4(m). If service is not made within the time period,

> **the court, upon motion** or on its own initiative after notice to the plaintiff ***shall* dismiss the action** without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id*. [Emphasis added.] Thus, after the 120 days has expired, the defendant can make a motion to dismiss the case for failure to effectuate service within the 120 days after the complaint has been filed. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998).

Upon a showing of good cause, the district court can grant relief from the rule. *Panaras v. Liquid Carbonic Industries, Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). The plaintiff

3

bears the burden of showing good cause. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

If good cause is shown, then the court must extend the time for service. *Panaras*, 94 F.3d at 340. In order to support a finding of "good cause", the plaintiff must show reasonable and diligent efforts at effecting service upon the defendant(s). *Sullivan v. Mitchell*, 151 F.R.D. 331, 332 (N.D. Ill. 1993). A plaintiff makes such reasonable efforts if he proceeds in a manner reasonably calculated to effect service within 120 days. *Id*. "Half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120-day deadline." *Id*., citing *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). If, however, good cause is not shown, the court is to consider whether a permissive extension is warranted. *Id*. at 341. *See also Henderson v. United States*, 517 U.S. 654, 662 (1996).

Good cause might be established, for example, when a defendant evades service. *Central Laborers' Pension, Welfare, & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999). However, the running of the statute of limitations does not require that a district court extend the time for service of process under Rule 4(m) of the Federal Rules of Civil Procedure. *Panaras*, 94 F.3d at 341. Similarly, the *pro se* status of a litigant does not excuse the failure to comply with the service requirements of the Federal Rules of Civil Procedure. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). The generous reading that is to be given pleadings filed by *pro se* litigants does not extend to excusing failures by such litigants to conform to clearly-spelled out procedural requirements. *Clark*, 27 F.Supp. 2d at 1042, *citing McNeil v. United States*, 508 U.S. 106, 113 (1993). In addition, ignorance of the rule may be an explanation, but it is not an excuse that establishes "good cause". *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996).

In the case at bar, plaintiff failed to effectuate or even attempt service on any of the

defendants for the 155 days while the case was pending in the federal court in the Northern District of Illinois. After the case was transferred to the Central District of Illinois, plaintiff failed to have summonses issued in the 51 days before he filed a notice of appeal. After the mandate was issued by the appellate court, plaintiff waited 157 days to have summonses served.

To-date, plaintiff has demonstrated that he has good cause to fail to timely effectuate service on any of the defendants. However, since the docket report does not indicate that plaintiff requested summonses be issued for several months after the case was pending, he may not be able to demonstrate good cause.

Assuming that he has no good cause, the court is to consider whether a permissive extension is warranted, defendants suggest that this Court determine that such an extension is not warranted. Defendants will be prejudiced. Plaintiff claims the cause of action accrued on October 7, 2001. More than three and one-half years have passed since the date of the incident. Some of the defendants no longer are employed by Illinois State University. Witnesses may no longer be available, because they are not in the area. Plaintiff has delayed this action, even though he bears the burden of prosecuting the case.

## **CONCLUSION**

Plaintiff controls the prosecution of his case. Regardless of whether he is *pro se*, he is obligated to follow the Federal Rules of Civil Procedure, including the rules that govern process of service.

The delay in serving the defendants has caused prejudice, since witnesses have moved away from or no longer are employed by Illinois State University. Because plaintiff did not meet the time requirement in serving the defendants, this case should be

dismissed.

WHEREFORE for the above and foregoing reasons, defendants, Pat Barr, Judge William DeCardy, Daniel Kast, Rick Lewis, Sandra Little, Helen Mamarchev, Richard Olshak, and David Webber, respectfully request that this honorable Court dismiss the case of the plaintiff and enter judgment in favor of the defendants.

        Respectfully submitted,

        PAT BARR, JUDGE WILLIAM DECARDY, DANIEL KAST, RICK LEWIS, SANDRA LITTLE, HELEN MAMARCHEV, RICHARD OLSHAK, AND DAVID WEBBER,

        Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

Karen L. McNaught, #06200462        Attorney for Defendants,
Assistant Attorney General
500 South Second Street        BY:  /s/Karen L. McNaught
Springfield, Illinois 62706            Karen L. McNaught
217/782-1841                      Assistant Attorney General
    Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRE L. KILPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 04-1053 |
| | ) | |
| McLEAN COUNTY, et al. | ) | |

## Certificate of Service

I hereby certify that on June 29, 2005, I electronically filed a Memorandum of Law in Support of defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> John Casey Costigan
> ccostigan@cwlawoffice.com
>
> Darcy L. Proctor
> dproctor@ancelglink.com

and I hereby certify that on June 29, 2005, I mailed by United States Postal Service, the document to the following nonregistered participant:

> Andre L. Kilpatrick
> 317 W. 124th Street
> Chicago, IL 60628
>
> Respectfully submitted,
> /s/Karen L. McNaught
> Karen L. McNaught
> Assistant Attorney General
> 500 South Second Street
> Springfield, IL 62706
> Telephone: (217) 782-1841
> Facsimile: (217) 524-5091
> kmcnaught@atg.state.il.us
> #6200462