UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANDRE KILPATRICK,            )
                             )
        Plaintiff,           )
                             )
     v.                      )    Case No. 04-1053
                             )
MCLEAN COUNTY, ET AL,        )
                             )
        Defendants.          )

# O R D E R

Before the Court are Defendants McLean County and Marinna Wright's Motion to Dismiss [Doc. # 49]; Plaintiff's Motion for Order of Judgment by Default as to Illinois State University Police Defendants [Doc. # 53]; Defendants Keith Gehrand, Justice John McCullough, Wanda Passini, Justice Robert Steigmann, Shuntua Stonewall, Ronald Swann, Justice John Turner, and Shad Wagehoft's Motion to Dismiss [Doc. # 54]; Defendants Walter Clark, Deborah Hospelhorne, Jeff Longfellow, Ronald Stoll, and Gregory Passini's Motion to Dismiss [Doc. # 58]; and Defendants Pat Barr, Judge William DeCardy, Daniel Kast, Rick Lewis, Sandra Little, Helen Mamarchev, Richard Olshak, and David Webber's Motion to Dismiss [Doc. # 61]. For the reasons that follow, Plaintiff's motion will be denied, Defendants motions will be granted, and this case will be dismissed.

## BACKGROUND

Plaintiff filed his original Complaint on October 7, 2003 in the Northern District of Illinois alleging his rights were violated by multiple law enforcement agencies over a period of time. The case was transferred to this district in February 2004. On

February 27, 2004, the Court denied Plaintiff *in forma pauperis* status.[1] Plaintiff appealed that ruling on April 4, 2004 and the appeal was dismissed for lack of jurisdiction on November 23, 2004. On March 11, 2005, Plaintiff filed an amended Complaint naming additional defendants and he also moved for additional time to deliver summonses. Magistrate Judge Gorman denied Plaintiff's motion and ordered him to show cause why his case should not be dismissed for failure to prosecute considering Plaintiff had not served any of the Defendants. During the April 29, 2005 show-cause hearing (held before myself), Plaintiff presented executed summons for several Defendants.[2] At that time the Court found no basis to dismiss this case with prejudice for lack of prosecution, however, the Court made no findings as to the timeliness of service as to any of the Defendants. To date Plaintiff has not returned executed summonses on the remaining Defendants.

Most of the Defendants have moved to dismiss Plaintiffs Complaint. However, no appearance has been made by Defendants Sangamon County, Illinois State University, and Emily McQuillan and Plaintiff has presented no proof that these Defendants have been served.

## ANALYSIS

**A. Plaintiff's Motion for Order of Judgment by Default as to Illinois State University Police Defendants**

---

[1] Plaintiff had already paid the filing fee to the Northern District of Illinois at the time this Court denied his *in forma pauperis* motion.

[2] Defendants Jeff Longfellow, Marinna Wright, Deborah Hospelhorne, Ronald Stoll, Wanda Passini, Gregory Passini, Ronald Swann, Shad Wagehoft, Shuntua Stonewall, and Keith Gehrand.

2

In this motion, Plaintiff seeks an entry of default against the "Illinois State University Police i.e., Wanda Passini, Shuntua Stonewall, Keith Gehrand and Ronald Swann." Shortly after Plaintiff filed this motion, these Defendants moved to dismiss the Complaint. Since these Defendants have now made an appearance, the Court finds entry of default is not warranted at this time. <u>Cf. Willis v. Freeman</u>, 83 Fed. Appx. 803, 805 (7th Cir. 2003)(federal district court did not abuse its discretion by concluding that civil rights defendants' conduct, in failing to respond to plaintiff's complaint until five weeks after court's previously extended deadline and almost two weeks after plaintiff had moved for a default, did not warrant entering default judgment against defendants).

**B.   Defendants Sangamon County, Illinois State University, and Emily McQuillan**

To date, despite having been given ample opportunity and notice to do so, Plaintiff has failed to show that service of summons and the Complaint have been made as to Defendants Sangamon County, Illinois State University, and Emily McQuillan. Accordingly, the Court will dismiss these defendants without prejudice at this time. <u>See</u> Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the

plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.")

**C.  Defendants McLean County and Marinna Wright's Motion to Dismiss**

Plaintiff alleges that Defendant Marinna Wright (former Assistant State's Attorney) violated his rights when she "lied" during a criminal prosecution of Plaintiff.  Wright argues that Plaintiff's claims against her are barred by prosecutorial immunity.  The Court agrees.  Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process even when they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.  See Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003).

Moreover, Plaintiff has not made any direct allegations against McLean County.  Thus, the Court will assume Plaintiff is attempting to assert a cause of action against McLean County based on the fact that it employed some of the other Defendants. However, a municipality cannot be held liable for civil rights violations solely because one of its employees is a tort-feasor. See Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978) (municipality cannot be held liable for civil rights violations on respondeat superior theory).

For the above reasons Defendants McLean County and Marinna Wright's Motion to Dismiss is granted.

**D.  Remaining Defendants**

The remaining Defendants have moved to dismiss Plaintiff's Complaint because, among other things, Plaintiff failed to timely

4

serve them. There is no debate that Plaintiff was not diligent in effecting service in this case. The question is whether Plaintiff has shown good cause for his failure to effect timely service. See Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.") The Court finds he has not. Despite repeated warnings to obtain service on Defendants, Plaintiff waited until the day of the April 29, 2005 show-cause hearing to serve any of the Defendants. This hearing occurred over a year after the initial Complaint was filed in this case. There is no doubt that Defendants have been prejudiced by this delay considering they have been without the benefit of notice of this suit for an extended period of time. Considering there is a 2-year statute of limitations for Plaintiff's claims, and Defendants have been without notice of the suit for over a year, the Court cannot blindly excuse Plaintiff's neglect. Moreover, Plaintiff has failed to give any reasonable explanation for why service was delayed for such an extended period of time. Accordingly, the Court will grant Defendants' motions to dismiss and dismiss the remaining defendants without prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants McLean County and

Marinna Wright's Motion to Dismiss [Doc. # 49] is GRANTED. Plaintiff's claims against Defendants McLean County and Marinna Wright are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order of Judgment by Default as to Illinois State University Police Defendants [Doc. # 53] is DENIED.

IT IS FURTHER ORDERED that Defendants Keith Gehrand, Justice John McCullough, Wanda Passini, Justice Robert Steigmann, Shuntua Stonewall, Ronald Swann, Justice John Turner, and Shad Wagehoft's Motion to Dismiss [Doc. # 54]; Defendants Walter Clark, Deborah Hospelhorne, Jeff Longfellow, Ronald Stoll, and Gregory Passini's Motion to Dismiss [Doc. # 58]; and Defendants Pat Barr, Judge William DeCardy, Daniel Kast, Rick Lewis, Sandra Little, Helen Mamarchev, Richard Olshak, and David Webber's Motion to Dismiss [Doc. # 61] are GRANTED.  Plaintiff's claims against these Defendants are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's claims against Sangamon County, Illinois State University, and Emily McQuillan are dismissed without prejudice.

CASE TERMINATED.


ENTERED this ___8th___ day of August, 2005.


                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States District Judge