**Motion to request an appearance before Judge Joe Billy McDade to reconsider the dismissal of plaintiffs civil rights complaint**

04-1053 ~~05-1190~~

FILED
AUG 2 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Now comes plaintiff, Andre L. Kilpatrick, to request a hearing to dispute the dismissal of his complaint on the following grounds:

The court dismissed plaintiffs case against defendants of Sangamon County, Illinois State University, and Emily McQuillan for failure to show that service of summonses and complaint had been made. **Plaintiff executed summonses and complaints to defendants of Sangamon County and Illinois State University via registered mail.** Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended. Federal Rule of Civil Procedure 4(m). Plaintiff could not locate an address for Emily McQuillan. However, the other defendants have failed to respond.

In plaintiff's amended complaint he specified that he was not suing prosecutor Marinna Wright for monetary damages, but instead as a part of an overall conspiracy. Also, plaintiff requested any declaratory or injunctive relief against prosecutor Marinna Wright.

Plaintiff was allowed at the **hearing to show cause,** to address why his case should not be dismissed for failure to prosecute. Plaintiff then informed the court that he had served some of the defendants and the court seemed satisfied. In other words, plaintiff believed that he had satisfied the courts requirement for showing **good cause** for failure to prosecute and that the issue was moot since plaintiff had already delivered some of his summonses prior to appearing before the court on the matter. At this hearing, the issue of the timeliness of filing summonses was also raised by Judge Joe Billy McDade, even though the hearing was for failure to prosecute

Therefore, the court's claims that "plaintiff has failed to give any reasonable explanation as to why service of summonses had been delayed for so such an extended time" is nonsense, because, if plaintiff had not satisfied the court request to show cause for failure to prosecute then the court would have dismissed plaintiff's case based on the fact that he failed to satisfactorily explain the delay for the delivery of the summonses.

Since the court raised the issue of the timeliness of the summonses, plaintiff explained to the court (at the show cause hearing for failure to prosecute) that he was uncertain as to when the 120-day time limit commenced. Particularly, whether the time commenced from the filing of the original complaint on October 7, 2003, his transferred complaint, his appeal to the Seventh Circuit Court of Appeals (for appointment of counsel and to have the summonses delivered by U.S. Marshals), etc. **It appeared that the court itself was uncertain as to the tolling of the 120-day filing limit**, as the court did not give plaintiff a particular date as to when the summonses absolutely had to be delivered. "A district court has the power to dismiss a case for failure to comply with its rules." Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998). Federal Rule of Civil

Procedure 4(m) ('Rule 4(m)") sets out the prescribed time within which a plaintiff must serve the defendant. Rule 4 (m) states:

> If service of the summons and complaint is not made upon a defendant after the filing of the complaint, the court, upon motion or on its own initiative after notice to plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

## Analysis

The failure of the court to address the 120-day expiration for the delivery of the summonses led plaintiff to believe that the time for service of summonses had not expired. Plainitiff's show cause hearing was for failure to prosecute, not for failure to show cause as to why his summonses had not been delivered within the 120-day filing period. This court, rather than dismissing the action without prejudice, allowed the plaintiff to direct service of summons to the remaining defendants, but did not specify a time. Furthermore, when plaintiff spoke with Judge Gorman's clerk after he missed a call by Judge Gorman, plaintiff asked the clerk how much time he had left to file the summonses. The clerk responded by saying "not long". When plaintiff pressed the clerk for a specific amount of time, she replied, "I am not a lawyer and cannot give legal advice". Plaintiff then explained to her that that information would not constitute giving legal advice. The clerk still refused to address the issue. Plaintiff then conclude that his time for filing summonses had not expired but that the time was drawing nigh. Plaintiff then filed for an extension of time to deliver summonses, which of course, was denied by this court. If the failure to timely file the summonses had come and gone, then it seems as though that would have been the grounds on which plaintiff's motion for extension of time was denied. However, that was not the case. Plaintiff's motion was denied without addressing the 120-day filing guideline; further leading plaintiff to believe that the 120-day period for filing the summonses had not expired.

## Conclusion

Now this court has dismissed plaintiff case, claiming that the plaintiff has failed to file summonses in a timely manner and that the plaintiff was not "diligent in effecting service in this case." In actuality, plaintiff was diligent and even asked for an extension of time of service. Even if the time had indeed expired (uncertain) for the delivery of the summonses, plaintiff was not allowed by the court to show good cause for the failure to deliver the summonses in a timely manner. In deciding whether to extend the 120-day period, the district court should first determine whether good cause exists. Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th

Cir.1996); see Petrucelli v. Bohringer & Ratzinger, 46 F. 3d 1298, 1305 (3d Cir. 1995). **If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice. Id. (citing Petrucelli, 46 F.3d at 1305).**

Significantly, this court has failed to consider the complexity of this case and "the wide range of latitude" which is supposedly afforded to a pro se litigant. Furthermore, the dismissal of plaintiff's complaints on the grounds that the 120-day requirement for the delivery of summonses had expired without ever discussing the date that the expiration actually occurred constitutes an abuse of discretion and procedural failures on the part of this court.